# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRENCE FORTUNA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:21-cv-10172 |
| | ) | |
| v. | ) | Hon. |
| | ) | |
| NANCY POWERS, an individual, | ) | |
| and SIGNS & WONDERS UNLIMITED | ) | |
| LLC, an Illinois limited liability company, | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

Plaintiff Terrence Fortuna, for his complaint against Defendants Nancy Powers and Signs & Wonders Unlimited, LLC, alleges the following:

### Nature of the Case

1. Plaintiff Terrence Fortuna devised a software application that facilitates the authentication of photos taken on smartphones in a manner useful and valuable to law enforcement.

2. Facing a contingency that might threaten his interest in the technology and associated business (together, the "Enterprise"), he entered into an arrangement with Defendant Nancy Powers whereby she would hold his technology and business and then return them to him on demand once the contingency was resolved.

3. In return, he promised Powers a 10% share of the business.

4. Powers accepted, and she became the nominal owner of the Enterprise.

5. Powers formed an Illinois entity, Defendant Signs & Wonders Unlimited, LLC ("Signs & Wonders").

6. When the contingency ended a few years later, Powers wrongfully refused to return rightful control to Fortuna and took the bad faith position that she and her company owned the Enterprise and had no obligation to return it.

7. Fortuna brings this action to confirm and regain ownership and control of the Enterprise and to seek damages and other relief for Powers's wrongful attempt to deprive him of the technology and business that he created.

## Parties, Jurisdiction and Venue

8. Plaintiff Terrence Fortuna lives and conducts business in Oakland County, Michigan.

9. Defendant Nancy Powers lives and conducts busines in Lake County, Illinois.

10. Defendant Signs & Wonders Unlimited, LLC is an Illinois limited liability company with its principal place of business in Lake County, Illinois.

11. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction of the action arising from this Complaint because there is complete diversity of the parties' citizenship and because Plaintiff seeks equitable relief and damages in excess of $75,000.00.

12. This Court has personal jurisdiction over Defendants because they purposefully availed themselves of the opportunity to do business in this District by entering into the arrangement described herein and participating in the Enterprise, which originated and has regularly conducted business in this District.

13. Venue is proper under 28 U.S.C. § 1391 because at least a substantial part of the events or omissions giving rise to the claims occurred in this District.

## Factual Background

14. Fortuna and Powers are brother and sister.

15. Fortuna has worked in law enforcement for many years.

16. Fortuna developed the concept for a smartphone application, "Snapshot DNA," that facilitates the authentication of photographs taken by smartphone cameras.

17. When Snapshot DNA is installed on a smartphone, and when that smartphone takes a photo, Snapshot DNA extracts data for the current time and the smartphone's current GPS location from other applications on the smartphone. Snapshot DNA then imports that data into the file that contains the photograph.

18. Snapshot DNA has particular value for law enforcement because it makes it easier to authenticate photographic evidence collected on smartphones.

19. Fortuna collaborated with Paul Kocsis to develop the software for Snapshot DNA, supervising the development of the application.

20. Fortuna granted Kocsis a 10% interest in the Enterprise in exchange for his services.

21. In 2013, Fortuna filed a provisional patent application for his invention. On this application, he was listed as the inventor.

22. Also in 2013, Fortuna anticipated the potential for a divorce and wanted to protect his exclusive interest in his invention and the Enterprise.

23. To this end, Fortuna asked Powers to take temporary nominal title to the assets of the Enterprise until matters were resolved and he demanded the return of his assets.

24. In exchange for her services in holding the Enterprise, Fortuna offered to give Powers a 10% share of the Enterprise.

25. Powers agreed.

26. In 2013, Powers formed Signs & Wonders in Illinois in connection with the Enterprise.

27. Signs & Wonders identifies Powers as the 90% owner of the business.

28. Between 2013 and 2018, Powers purportedly paid some of the Enterprise's expenses.

29. After making arrangements with Powers and Kocsis, and at all times, Fortuna retained the right to a controlling ownership interest of the Enterprise.

30. Between 2013 and 2018, Fortuna has always identified himself as the founder and principal of the Enterprise.

31. Powers knew that Fortuna was identifying himself as such and did not object or attempt to correct this identification.

32. Between 2013 and the present, Fortuna has had responsibility for conducting the operations of the Enterprise.

33. Powers, however, has also claimed management responsibilities for herself and has undertaken various actions on behalf of the Enterprise.

34. Powers purportedly operates the Enterprise through Signs & Wonders.

35. Two related patents have been granted in connection with Snapshot DNA, U.S. Patent Nos. 10,546,360 and 9,384,520 (the "Patents").

36. Fortuna, Powers, and Paul Kocsis are named as the inventors on the Patents.

37. Signs & Wonders is the record assignee of the Patents.

38. In 2018, Fortuna was divorced. Fortuna disclosed the technology and business and obtained an award of sole title and a release of any claims as to same as part of a negotiated divorce settlement.

39. Immediately after the conclusion of his divorce proceedings, Fortuna requested that Powers execute documents confirming his controlling ownership of the Enterprise.

40. Powers refused his request and continues to do so, maintaining that the Enterprise belongs to her.

41. Powers has taken actions purportedly on behalf of the Enterprise that are detrimental to the Enterprise and Fortuna's right and interests in same.

42. On information and belief, Powers has interfered with the finalization of the software embodying the patented technology.

43. Fortuna has suffered economic injury as a result of Defendants' action.

44. Further, Fortuna has suffered irreparable harm, loss of good will, and damages in an amount that cannot be readily calculated due to Defendants' actions and the loss of control of his business and intellectual property.

## Count I – Declaratory Judgment

45. Plaintiff incorporates by reference the foregoing paragraphs.

46. Fortuna is entitled to own and control the Enterprise.

47. At Fortuna's request, Powers took temporary possession of Fortuna's interest and agreed to return it to Fortuna upon his demand.

48. Fortuna has demanded the return of the Enterprise multiple times since 2018.

49. Defendants have consistently refused to return the Enterprise to Fortuna.

50. Defendants are not entitled to more than a minority ownership interest in the Enterprise.

51. Defendants have acted unlawfully.

52. There is an actual and justiciable controversy between Fortuna, on the one hand, and Powers and Signs & Wonders, on the other hand, regarding Fortuna's rights with respect to the Enterprise and its assets.

53. Declaratory relief will avoid a multiplicity of actions at law.

WHEREFORE, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, Plaintiff respectfully requests that this Court issue a declaration stating that, at all times since 2013, and through to the present, Fortuna has been entitled to a controlling ownership interest in and control of the Enterprise and return of title to and control of the Enterprise and its assets upon demand and that Defendants have acted unlawfully through the conduct described herein.

## Count II – Conversion

54. Plaintiff incorporates by reference the foregoing paragraphs.

55. Fortuna is the rightful owner of a majority ownership interest in the Enterprise, including the Patents and its other intellectual property and business assets, which he conveyed to Powers to hold on his behalf until he demanded the return of his ownership interest.

56.  Defendants now control the Enterprise and deny that Fortuna has the right to own and control a majority interest in the Enterprise.

57.  Defendants have acted in concert to intentionally deprive Plaintiff of his personal property in the Enterprise.

58.  Defendants have wrongfully engaged in distinct acts of dominion over Fortuna's property in denial of and inconsistent with his property rights.

59.  Defendants have committed conversion under MCL 660.2919 and Michigan common law.

60.  As a result of Defendants' conversion, Fortuna has suffered damages.

61.  As a result of Defendants' conversion, Fortuna has suffered irreparable harm and imminently will suffer further irreparable harm in the absence of injunctive relief.

WHEREFORE, Plaintiff Terrence Fortuna respectfully requests that this Court award him monetary damages; treble damages, costs, and attorney's fees, as authorized by MCL 600.2919a; injunctive relief; and any further legal and equitable relief to which Plaintiff may be justly entitled.

### Count III – Breach of Contract
**(In the Alternative)**

62.  Plaintiff incorporates by reference the foregoing paragraphs.

63.  To the extent Fortuna's claim for relief is not captured by the foregoing causes of action, he is entitled to relief for breach of contract.

8

64. Fortuna and Defendants entered into a valid and binding contract whereby Defendants agreed to hold the Enterprise and return it to Fortuna on demand in exchange for a non-controlling interest in the Enterprise.

65. Defendants breached the contract by failing to reconvey the Enterprise upon his demand.

66. As a result of the breach, Fortuna has suffered damages.

67. As a result of the breach, Fortuna has suffered irreparable harm and imminently will suffer further irreparable harm in the absence of injunctive relief.

68. Fortuna is entitled to damages and injunctive relief.

WHEREFORE, Plaintiff respectfully requests that this Court award him the specific performance of his agreement with Powers, along with monetary damages, costs, and any attorney's fees and any other legal and equitable relief to which he may be justly entitled.

### Count IV – Unjust Enrichment
### (In the Alternative)

69. Plaintiff incorporates by reference the foregoing paragraphs.

70. To the extent Fortuna's claim for relief is not captured by the foregoing causes of action, he is entitled to relief for unjust enrichment.

71. Defendants have received a benefit from Fortuna in the form of title ownership and de facto control of the Enterprise and its assets.

72. It is inequitable for Defendants to retain those benefits at Fortuna's expense.

73. Fortuna has been injured by Defendants' inequitable retention of benefits.

74. As a result of Defendants' inequitable conduct, Fortuna has suffered damages and irreparable harm.

WHEREFORE, Plaintiff respectfully requests that this Court award him monetary damages, costs, injunctive relief, and any attorney's fees and any other legal and equitable relief to which he may be justly entitled.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Maxwell Goss
Maxwell Goss (P78594)
Maxwell Goss, PLLC
370 E. Maple, Third Floor
Birmingham, MI 48009
(248) 266-5879
max@maxwellgoss.com
*Attorney for Plaintiff*
